# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **UNIVERSITY OF GEORGIA ATHLETIC ASSOCIATION, INC.,** *Plaintiff,* v. **A nan sticker shop,** *et al.,* *Defendants.* | **SEALED** Civil Action No. 1:25-cv-6151-TWT |

**ORDER GRANTING PLAINTIFF'S MOTION
FOR AUTHORIZATION TO SERVE PROCESS ON
DEFENDANTS BY ELECTRONIC MEANS
PURSUANT TO FED. R. CIV. P. 4(f)(3)**

THIS CAUSE has come before the Court on Plaintiff's Motion for Authorization to Serve Process on Defendants by Electronic Means Pursuant to Fed. R. Civ. P. 4(f)(3) (the "Motion"). The Court, having considered the Motion and the arguments therein, finds as follows:

**I. Applicable Legal Standards**

Pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, corporations may be served outside the United States in any manner prescribed by Rule 4(f) for serving an individual, except personal service. Fed. R. Civ. P. 4(h)(2). Rule 4(f), in

turn, provides that an individual outside the United States may be served in one of the following ways:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

[…] (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). "If a party cannot, or chooses not to, serve a defendant abroad using one of the methods specified in Rule 4(f)(1) and (2), the party may

accomplish service 'by other means not prohibited by international agreement, as the court orders.'" *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 750 (11th Cir. 2016) (*quoting* Fed. R. Civ. P. 4(f)(3)). Rule 4(f)(3) permits alternative methods of service so long as those methods are consistent with due process, are not prohibited by international agreement, and are approved by the Court. *Brookshire Bros., Ltd. v. Chiquita Brands Int'l*, 2007 WL 1577771, at *2 (S.D. Fla. 2007) (denying motion to quash where the Court previously granted motion to serve by alternative means); *Rio Props. Inc., v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (affirming trial court's authorization of service pursuant to Rule 4(f)(3) without first exhausting all other options).

Service under Rule 4(f)(3) is not a means of last resort or extraordinary relief but is, instead, merely one of three valid methods for serving process on a foreign defendant under the Federal Rules. "Rule 4(f) 'does not create a hierarchy of preferred means of service ...' Service under 4(f)(3) is just as favored as service under 4(f)(1), and 'is merely one means among several which enables service of process on an international defendant.'" *United States v. The Pub. Warehousing Co.*, 2017 WL 661580, at *2 (N.D. Ga. 2017) (citations omitted) (denying motion to dismiss for insufficient service of process). Ultimately, "the touchstone is whether the means chosen give 'notice reasonably calculated, under all the

circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* Moreover, electronic service pursuant to Rule 4(f)(3) is particularly appropriate in this case where "there is a need for speed that cannot be met by following the Hague Convention methods ..." because of the preliminary injunctive relief sought by Plaintiff. *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (citing 4B Fed. Prac. & Proc. Civ. § 1134 (4th ed.)).

Due process requires that persons whose property interests are at risk due to government action receive notice and an opportunity to be heard. *Thomas v. United States*, 681 Fed. Appx. 787, 790 (11th Cir. 2017). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

**II. Findings of Fact and Conclusions of Law**

Defendants are individuals, corporations, or associations located outside the United States, presumably in China, Hong Kong, Vietnam, or elsewhere in Asia. Defendants are engaged in the business of selling counterfeit and/or infringing goods through various e-commerce platforms, including Alibaba, AliExpress, Amazon, DHGate, eBay, Etsy, Joom, Printerval, Temu, Walmart, and Wish

("Marketplaces"), including to customers in the United States. Each Defendant operates one or more virtual storefronts on one or more of these Marketplaces. Defendants do not always provide complete, accurate, or verifiable physical addresses for their virtual storefronts. The primary means of communicating with Defendants is through the e-mail addresses they provide directly to the Marketplaces, which are verified by the Marketplace.

Under Rule 4(f)(3) of the Federal Rules of Civil Procedure, Plaintiff need only demonstrate that the requested service method is not prohibited by international agreement and is likely to give notice to the Defendants of the litigation and provide them with an opportunity to appear. Fed. R. Civ. P. 4(f)(3). Both of those elements are satisfied here. Further, Plaintiff is not obligated to attempt service through the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention") under Rule 4(f)(1) or other methods before seeking a Court order to serve Defendants electronically under Rule 4(f)(3). *See e.g. Viahart LLC v. Suzhou Everich Imp. & Exp. Co., Ltd.*, 2021 WL 3857787, at n.2 (N.D. Ill. 2021) (denying motion to vacate where Chinese defendants argued their addresses were publicly available so service via the Hague Convention was required and email service was improper), *appeal dismissed*, 2021 WL 7906134 (7th Cir. 2021); *see also Oakley,*

*Inc. v. Partnerships & Unincorporated Associations Identified in Schedule "A"*, 2021 WL 2894166, at *4 (N.D. Ill. 2021) ("Rule 4(f)(3) does not require a party to attempt service under the Convention before seeking a court order directing alternative service."). Moreover, Plaintiff is not required to serve any Defendant pursuant to the Hague Convention where the Defendant's address is unknown and because of the time-sensitive nature of the relief sought in connection with Plaintiff's motion for *ex parte* TRO, service through the Hague Convention is not feasible.

Federal courts have authorized a variety of electronic service methods where a plaintiff demonstrates the method is likely to notify a defendant of the pendency of the action, including email, website publication, and online social media platforms such as Facebook and Twitter. *See, e.g., In re Int'l Telemedia Associates, Inc.*, 245 B.R. 713 (Bankr. N.D. Ga. 2000); *Rio Props.,* 284 F.3d at 1017; *National Association for Stock Car Auto Racing, Inc. v. Does,* 584 F. Supp.2d 824, 826 (W.D.N.C. 2008); *Popular Enters., LLC v. Webcom Media Group, Inc.,* 225 F.R.D. 560, 562 (E.D. Tenn. 2004). Defendants are e-commerce merchants who communicate and transact business exclusively by electronic means. The only means of communicating with Defendants is by electronic mail or through the messaging service on each Marketplace. Therefore, service by electronic means

under these circumstances is particularly warranted. It is a highly reliable method of notifying Defendants, the Marketplaces, and the Financial Institutions of the lawsuit and of serving Defendants with process because Defendants use these email addresses for corresponding with the Marketplaces and Financial Institutions. Service of process and related documents using these email addresses, therefore, is very likely to notify Defendants of this action and, as such, comports with Due Process.

Accordingly, Plaintiff's Motion is hereby **GRANTED**, and the Court **ORDERS** as follows:

Pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, Plaintiff is authorized to provide notice of a TRO to Defendants, the Marketplaces, Financial Institutions and other third parties and to serve the Summonses, Complaint, TRO, and all subsequent pleadings and other documents on Defendants or their counsel in this action by electronic mail using email addresses provided by the Marketplaces, Financial Institutions, or Defendants themselves.

**SO ORDERED** this __3rd__ day of __November__, 2025.

_____
**UNITED STATES DISTRICT JUDGE**