# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| UNIBERSITY OF GEORGIA ATHLETIC ASSOCIATION, INC., <br><br> Plaintiff, <br> v. <br><br> AAA LOVE; ANMAIFUSHIRMM; AuroraThreadEclat; AZURAstore; beijingyingyingwanwun_0; BINBBOT; CANSOO; chengduqianyuqingyuan0; chenzhoushibeihuqumeichunshangmao youxiangongsi; ChillTee SHOP; Cozy Tee; CrossVibe Co; ĐÀO HÀ STORE; eorysul4uv; Fashionable Cap Corner; ghshop; GLBCC; GlobeMart A; H707951'shop; Haikou mens wear; KUU Cup; Lady Bingo; LidSpark; LJ VogueVest; LUYUANDUOSHIPIN; lxh666_9; Majianshe; MICHER; MPACT W; Painted Pantry; portukisle; Printify X; ingDaoXinChangXingFuShiYouXianGo ng Si; Quynh 08; SapienTee; SEVENJUNLIN PAINTING; SHANSHANDFSF; SHISHANGSHIPINDIANPU; Sound Of Trend; SZNW; T DressDream; TeeTrendMaker; Thread Hue; Tindr; TMFEIXIANG SHOP; TMMINHOU SHOP;  TrendLab; Two qing; VINMFLUOTEX Store; WalldecorsStore; ydyb2025; Yeya Jewelry; Youll strike it rich; zewuyu; zhaodfeng; ZY Whish; and ZZZ-Home of jerseys, <br><br> Defendants. | CASE NO. CV-1:25-CV-06151 |

## MEMORANDUM IN SUPPORT OF DEFENDANT AAA LOVE'S MOTION TO DISMISS

Defendant AAA LOVE ("AAA LOVE" or "Movant") through its undersigned counsel moves to dismiss the Complaint asserted against it by University of Georgia Athletic Associations ("UGAA" or "Plaintiff") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). This Complaint purports to allege three counts: Infringement of Trademarks in Violation of 15 U.S.C. § 1114, False Designation of Origin and/or False Endorsement in Violation of 15 U.S.C. §1125(a), and Common Law Trademark Infringement and Unfair Competition. However, the Complaint fails to properly allege any of these three counts against Movant AAA Love.

UGAA asserts that eighty-three (83) different defendants infringe its "valuable trademarks" including – <u>but not limited to</u> – twenty-six (26) different registered trademarks whose registrations or applications were attached as Exhibit A to the Complaint. However, Plaintiff UGAA fails to allege which Defendants, including Plaintiff AAA LOVE, infringe what trademarks - whether the twenty-six registered trademarks or any other non-registered marks that UGAA is purporting to assert. Such pleading violates the Supreme Court's admonition that plaintiffs should include "enough fact to state a claim to relief that is plausible on [the] face" of the complaint. *See Bell Atl. Corp. v. Twombley*,

2

550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662 (2010). Such broad assertions also run afoul of the Eleventh Circuit's strict prohibition against shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.,* 792 F.3d 1313, 1325 (11th Cir. 2015).

## I.  BACKGROUND OF THE CASE

On October 28, 2026, Plaintiff UGAA filed the present suit against eighty-six defendants, including Defendant AAA LOVE. The complaint was filed under seal along with a motion for preliminary injunction and temporary restraining order. Rather than serving Defendant AAA LOVE using traditional methods, Plaintiff UGAA requested and received leave for alternative service of all Defendants through electronic email via their electronic marketplace.

In the Plaintiff's complaint, no specific allegations against Defendant AAA Love were made by the Plaintiff. Instead, Plaintiff relied upon general statements about all eighty-three defendants. For example, in the Complaint's section entitled "Relevant Facts," Plaintiff puts forth the generic assertion that each Defendant uses "a reproduction, counterfeit, copy, or colorable imitation of one or more of Plaintiff's Marks."

> 15) On information and belief, each Defendant sells, offers for sale, distributes, and/or advertises goods to customers in the United States, including in this judicial district.
>
> 16) Each Defendant uses in commerce a reproduction, counterfeit, copy, or colorable imitation of one or more of Plaintiff's Marks on or in connection with the sale, offer for sale, distribution, or advertising of goods on their respective virtual storefronts on the Marketplaces.

*See* Complaint (D.E. 3) at ¶¶15-16 (hereinafter "Complaint"). These generic allegations are continued in the asserted Counts in the complaint where the Plaintiff alleges that "Each Defendant" has infringed "one or more of Plaintiff's Marks." *See* Complaint at ¶21. Plaintiff also alleges, without providing any allegations against each Defendant, that each Defendant's infringement willful and violates the statutory prohibition against counterfeiting. *See* Complaint at ¶¶24,26-27. In addition to its allegations of violating Plaintiff's registered trademarks, Plaintiff makes similar allegations regarding federal and state violations of unregistered trademarks and unfair competition. *See generally*, Complaint at ¶¶30-32, 36-40.

The only specific information purportedly about each Defendant that is provided by the Plaintiff is included within Exhibit B. Exhibit B includes a screenshot of one item listed for sale by Defendant AAA Love on the website TEMU.



*See* Complaint, Exhibit B at 6-7. However, this Exhibit does not identify which of Defendant's marks the accused product infringes.

The Plaintiff's lack of specificity regarding what marks it is asserting is not limited to just Exhibit B. Plaintiff's Complaint also fails to identify which of its trademarks any Defendant is accused of infringing and fails to specify whether

5

any Defendant, including Defendant AAA Love, is being accused of infringing any unregistered marks. The Complaint states that "Plaintiff owns numerous federal trademark applications and registrations for its valuable trademarks <u>including, but not limited to</u> BULLDOG, DAWGS, several designs incorporating the letter G and a bulldog image, and the stylized letter G (collectively, 'Marks' or 'Plaintiff's Marks')." Complaint at ¶11 (emphasis added). The Complaint then points to its Exhibit A to provide the federal certificates of registration for "<u>certain</u> of Plaintiff's Marks." Complaint at ¶12 (emphasis added). Plaintiff does not limit its assertion of marks to those attached to Exhibit A, and it is unclear whether those included marks are the full corpus of asserted marks because the Plaintiff has failed to identify which marks each Defendant is accused of infringing.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In the 11th Circuit, "[w]e accept the factual allegations in the [C]omplaint as true and construe them in the light most favorable" to the plaintiff. *Echols v. Lawton*, 913 F.3d 1313, 1319 (11th Cir. 2019). (emphasis added) (*citing Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir. 2008)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). The alleged facts, having been stripped of all legal conclusions, must make a claim for relief not merely possible, but plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). We require "more than labels and conclusions," id. at 555, 127 S. Ct. at 1965, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Further, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal quotations omitted) (*quoting Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

Furthermore, the 11th Circuit has adopted a prohibition against "shotgun pleading" in accordance with *Iqbal* and *Twombly*. A dismissal on shotgun pleading grounds "is appropriate where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Weiland v.*

*Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1325 (11th Cir. 2015) (emphasis in original) (*quoting Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)); *see also T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting).

Shotgun pleadings "are flatly forbidden by the spirit, if not the letter, of these rules" because they are "calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d at 1325. (quoting *T.D.S.*, 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)). Besides violating the Federal Rules of Civil Procedure, shotgun pleadings also "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotation marks omitted).

The 11th Circuit has identified four rough types of shotgun pleading. *Weiland*, 792 F.3d at 1321. Of the four types, the final identified type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

**III.  LEGAL ARGUMENT**

Plaintiff's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because it fails to meet the requirements set forth by the Supreme Court under *Iqbal* and *Twombly*. In addition, its generalized assertion of at least twenty-six trademarks (and possibly more) against over eighty defendants without identifying which defendants infringe which marks violates the 11th Circuit prohibition against shotgun pleading.

**A. THE COMPLAINT SHOULD BE DISMISSED UNDER IQBAL AND TWOMBLY**

Plaintiff UGAA fails to assert enough fact to state a claim to relief that is plausible on its face. Under Section 43(a) of the Lanham Act, to show direct infringement of a trademark, the plaintiff needs to prove that they have ownership of a valid mark that is used by the defendant in commerce; and in a way that causes confusion as to source, sponsorship, or authorization. 15 U.S.C. §1125(a)(1). Plaintiff UGAA fails to allege all three elements to properly allege trademark infringement. The failure to allege any one of the elements should to the dismissal of Plaintiff's complaint.

In its complaint, Plaintiff UGAA alleges that it is the proper owner of numerous federal trademark applications and registrations. *See* Complaint, ¶11. Plaintiff notes that its corpus of marks that are defined in the Complaint as "Marks" or "Plaintiff's Marks" includes, <u>but is not limited to</u> certain trademark

designs. *Id*. As such, Plaintiff specifically defines the terms "Plaintiff's Marks" to include all federal trademark applications and registrations owned by UGAA. Plaintiff then reiterates the open-ended nature of its definition of "Plaintiff's Marks" by noting that Exhibit B to the Complaint includes certificates of registration of "certain of Plaintiff's Marks." *Id*. at 12. Plaintiff is explicitly noting that the marks that it is asserting is not limited to those listed in Exhibit B. However, Plaintiff only provides evidence regarding its ownership of marks for the registrations included within Exhibit B. *Id*. Such broad pleading fails the requirements of *Iqbal* and *Twombly* to assert that it is the owner of a valid mark that has been used in commerce.

By including unlisted "applications and registrations" in definition of "Plaintiff's Marks", Defendants cannot determine whether Plaintiff owns the asserted mark or whether Plaintiff has used the mark in commerce. As noted by the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Stripping away conclusory statements and legal conclusions from the Complaint, the only factual support included within the Complaint alleging ownership of any trademarks is Exhibit B.

The failure of the Complaint to identify marks outside of Exhibit B is not just an objection to overexpansive language in the Complaint. In Count II of the

10

Complaint, Plaintiff asserts a claim of false designation of origin wherein Plaintiff alleges that "Each Defendant in using in commerce a word, term, name, symbol, or device, or combination thereof, or a false designation of origin … in a manner that is likely to cause confusion." Complaint at ¶30. This allegation is not limited to any specific words, terms, names, or symbols. Instead, Plaintiff is alleging that each of the eighty-three Defendants used some word likely to cause confusion "as to the affiliation, connection, or association of each Defendant with Plaintiff." *Id* at ¶31. Such an allegation is as textbook example of "threadbare recitals of the elements of a cause of action" that were warned against by the Supreme Court in *Iqbal*. Defendants have no knowledge of what "word, term, name, symbol, or device" Plaintiff is alleging that Defendant has infringed. As such, Defendants cannot determine if Plaintiff owns any protectible rights in those marks or whether Plaintiff ever used such marks in commerce.

Plaintiff's failure to identify the exact marks that it is enforcing causes more significant issues under *Iqbal* and *Twombly* when trying to determine whether Defendant's alleged use of the marks causes confusion. Unlike its allegation of ownership, where Plaintiff at least provided trademark registration documents of some of its marks, Plaintiff provides no factual support regarding the element of likelihood of confusion against any of the Defendants. Prior to listing the Counts in the complaint, Plaintiff provides no factual allegations

11

asserting that the Defendants' use of any marks caused confusion with any of the Plaintiff's marks. The first mention of the word "confusion" in the Plaintiff's Complaint occurs during Count 1, where Plaintiff makes a base recital of element of confusion for trademark cases within Count 1.

> 21) Each Defendant is using in commerce one or more reproductions, counterfeits, copies, or colorable imitations of one or more of Plaintiff's Marks in connection with the sale, offering for sale, distribution, or advertising of goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of each Defendant's goods.

Complaint at ¶21 (emphasis added). The remainder of the Complaint fares no better, where confusion – the key element of an allegation of trademark infringement – is only mentioned in conclusory statements setting forth elements of the claims. *See* Complaint at ¶¶24, 30, 31, 36, and 38. At no point does Plaintiff provide <u>any</u> support for its allegations that any Defendant's use of the marks caused customer confusion.

As such, Plaintiff's allegations should be dismissed under F.R.C.P. 12(b)(6) for failure to state a claim.

### B. THE COMPLAINT SHOULD BE DISMISSED FOR ITS USE OF IMPERMISSABLE SHOTGUN PLEADING

In the 11th Circuit, Plaintiffs are forbidden from utilizing so-called shotgun pleading. One of the types of shotgun pleading disallowed includes complaints that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). Plaintiff has alleged that eighty-three defendants have infringed at least twenty-six different marks without providing any explanation for which defendants have infringed which marks.

Because Plaintiff asserts that each Defendant infringes some or all of the Plaintiff's Marks, each Defendant could be alleged to infringe an innumerable number of combination of marks[1]. In addition to the asserted marks, Plaintiff alleges in Count II and Count III that Defendants could be infringing other words, designs, or marks that are not listed in Exhibit A. Such an allegation is not hypothetical, as perfectly illustrated by the allegations against Defendant AAA LOVE. In Exhibit B, Plaintiff provides one screenshot of Defendant AAA LOVE's website showing one product offered for sale by Defendant AAA LOVE.

---

[1] The total number of combinations possible from twenty-six marks is 26! = 403,291,461,126,605,635,584,000,000 combinations.



Complaint at Exhibit B, p.6-7. In reviewing the trademark registrations included within Plaintiff's Exhibit B, two registrations appear to be for stylized version of the letter "G": U.S. Trademark Registration 1,286,482 and U.S. Trademark Registration 3,040,391. *See* Complaint at Exhibit A, pp. 7 and 14. Yet each of these registration limits the scope of the registration to marks utilizing the color red.

For: EDUCATIONAL AND ENTERTAINMENT SERVICES—NAMELY, CONDUCTING INTERCOLLEGIATE FOOTBALL GAMES AND EXHIBITIONS, in CLASS 41 (U.S. Cl. 107). First use Sep. 1964; in commerce Sep. 1964. The drawing is lined for the color red.

Ser. No. 338,711, filed Nov. 24, 1981.

RUSS HERMAN, Examining Attorney

FIRST USE 9-30-1964; IN COMMERCE 9-30-1964.

OWNER OF U.S. REG. NO. 1,286,482.

THE COLOR RED IS CLAIMED AS A FEATURE OF THE MARK.

THE COLOR RED APPEARS ON THE BORDER CIRCLE SURROUNDING THE LETTER G

*See* Complaint at Exhibit A, p.7, 14 (respectively) (highlighting added). As such, Defendant AAA LOVE cannot determine if it is being accused of infringing these registered trademarks beyond the scope of their registration, as its accused infringing product includes no red elements, or whether Plaintiff is only asserting Counts II and III against Defendant AAA LOVE asserting unregistered marks. Such a distinction is incredibly important, particularly considering the widespread use of the stylized "G" by football teams both prior to Plaintiff's usage and its widespread use today[2]. As such, Defendant AAA LOVE cannot determine which counts Plaintiff is asserting against it in the Complaint's shotgun pleading, much less which marks Plaintiff is asserting.

Because Plaintiff is violating this Circuit's prohibition against shotgun pleading, this matter should be dismissed under Federal Rule of Civil Procedure 12(b)(6)[3].

---

[2] *See, e.g.* Joe Vitale "Who Had the Power G Logo first – Green Bay, Georgia, Grambling…Or Was It Rye High" USA TODAY SPORTS, https://ugawire.usatoday.com/story/sports/college/bulldogs/football/2019/04/04/who-had-the-power-g-logo-first-green-bay-packers-georgia-football-grambling-or-was-it-rye-high/79290618007/

[3] Other district courts outside the 11th Circuit have begun to crack down on shotgun pleading by trademark holders who are asserting large number of trademarks against multiple defendants. *See e.g.* Nike, Inc. v. Quanzhou Yiyi Shoe Industry Co., Ltd. *et al*, N.D.IL No. 25-cv-03777 (D.E. 37) (Warning Plaintiff counsel of its potential violation of Rule 11 for "assert[ing] as many [trademark] claims against as many defendants as possible" without providing any particularized evidence against each defendant)

## IV. CONCLUSION

Plaintiff's Complaint fails to meet the basic requirements set forth by the Supreme Court in *Iqbal* and *Twombly* and violates the 11th Circuit's prohibition against shotgun pleading. As such it should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Dated: January 21, 2026

By: /s/ Douglas. L. Bridges

Douglas L. Bridges
GA Bar No. 080889
ADAMSIP, LLC
453 Dauphin Street
Mobile, Alabama 36602
Phone: (251) 289-9787
doug@adamsiplaw.com

*Attorney for AAA LOVE*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been filed electronically and provided to the Plaintiff via ECF on January 21, 2026.

                                                  /s/Douglas L. Bridges/_____

                                                  Douglas L. Bridges, Esq.

                                                  GA Bar No. 080889

                                                ADAMSIP, LLC

                                                453 Dauphin Street

                                                Mobile, AL, 36602

                                                Tel:(251)289-9789

                                                doug@adamsiplaw.com

## **CERTIFICATE OF FORMAT**

      I hereby certify that the foregoing was prepared with one of the font and point selections approved by the Court in L.R. 5.1(B).

/s/Douglas L. Bridges/_____

Douglas L. Bridges, Esq.

GA Bar No. 080889

ADAMSIP, LLC

453 Dauphin Street

Mobile, AL, 36602

Tel:(251)289-9789

doug@adamsiplaw.com