IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNIVERSITY OF GEORGIA ATHLETIC ASSOCIATION, INC.,** *Plaintiff,* v. **A nan sticker shop,** *et al.,* *Defendants.* | Case No.: 1:25-cv-06151-TWT |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Plaintiff University of Georgia Athletic Association, Inc. ("UGAA"), by and through undersigned counsel, hereby files its response in opposition to Defendant AAA LOVE's ("Defendant") Motion to Dismiss [D.I. 22] (the "Motion").

## I.   INTRODUCTION

Defendant's Motion is untimely and, as such, it must be denied. Defendant's deadline to answer or respond to Plaintiff's complaint was December 12, 2025, and the clerk entered default against Defendant on January 21, 2026. Prior to filing its Motion on January 21, 2026, Defendant did not move to set aside the default or otherwise seek this Court's permission to file after the answer deadline. Unless and until such request is made and granted, Defendant's Motion is premature and untimely and must be denied. Plaintiff, therefore, reserves its right to respond to

the merits of the Motion until such time as the Court determines whether Defendant may proceed with its Motion.

## II.     FACTUAL BACKGROUND

Plaintiff initiated this action against Defendant and others for infringement of Plaintiff's registered trademarks on October 28, 2025. [D.I. 1.] A copy of Defendant's infringing product listing on Temu.com ("Temu") is included in Exhibit B to Plaintiff's Complaint [D.I. 3-2 at 5-7] and is attached hereto as Exhibit A for the Court's convenience. On November 3, 2025, this Court authorized Plaintiff to serve all defendants with process by electronic means. [D.I. 11.] After obtaining email addresses from all the relevant e-commerce platforms, Plaintiff served all defendants, including this Defendant, with a copy of the Complaint, Summonses, TRO, and notice of preliminary injunction hearing via email on November 21, 2025. [D.I. 15.] A copy of the service email and proof of delivery to Defendant is attached hereto as Exhibit B.[1]

Defendant's deadline to answer or otherwise respond to the complaint was December 12, 2025, twenty-one (21) days from the date of service. FED. R. CIV. P. 12(a)(1)(A)(i). Both the Summons itself and the body of Plaintiff's service email advised Defendant of the 21-day answer deadline. [*See* D.I. 4 at 3-4; Exhibit B hereto.] Defendant did not file an answer or otherwise respond to Plaintiff's

---

[1] The email address provided for Defendant by Temu is 1009499429@qq.com.

complaint, nor did Defendant request an extension of the deadline, despite ample opportunity to do so, as discussed further below. [*See* D.I. 21.] On January 21, 2025, the clerk entered default against Defendant and all other defendants who had not appeared or already been dismissed.

Defendant's original counsel, Mr. Robert Law, first reached out to Plaintiff's counsel to discuss the case on November 11, 2025, a full month ***before*** the answer deadline. The parties corresponded via email regularly for the next few weeks to see if they could reach a resolution to their dispute. On December 22, 2025, Plaintiff was contacted by a second attorney, Mr. Christopher Keleher, to discuss settlement negotiations. The next day, on December 23, 2025, Plaintiff was contacted by a third attorney, Mr. Douglas Bridges, who indicated he was "going to be retained" by Defendant and requested an extension of the answer deadline. Plaintiff explained that it could not agree to extend a deadline that had already lapsed but agreed to withhold filing for clerk's entry of default for so long as the parties were engaged in good-faith settlement negotiations. Despite this offer, Mr. Bridges never responded to Plaintiff, and Plaintiff did not hear from him again until ***after*** Defendant filed this Motion.

## III. LEGAL ANALYSIS

### A. Defendant's Motion to Dismiss is Untimely and Must Be Denied.

Despite having actual knowledge of the pending lawsuit and the December 12, 2025, deadline to respond to the Complaint, Defendant failed to take timely action. Defendant did not file a responsive pleading or motion and did not request an extension of time to respond to the Complaint. Defendant's Motion was filed forty (40) days after the answer deadline. Importantly, Defendant offers no legal justification for the delay. Because Defendant's Motion is untimely, it must be denied as premature, if not struck altogether.

Notably, courts in this district and others within the Eleventh Circuit have struck late pleadings filed under similar circumstances with no explanation for the delay, as in the instant case. For example, in *Raury Tullis & Rauricus, LLC v. Holt*, the court struck a defendant's answer filed only nine (9) days past the extended answer deadline. *Raury Tullis & Rauricus, LLC v. Holt*, 2015 WL 12086086, at *2 (N.D. Ga. 2015). In *Marseilles Capital, LLC v. Gerova Financial Group, Ltd.*, the court struck an answer filed fourteen (14) days after the deadline. *Marseilles Capital, LLC v. Gerova Financial Group, LTD.*, 2011 WL 3799428, at *1 (S.D. Fla. 2011). Finally, in *Rivers v. America's Network, Inc.,* the court struck an answer filed eighty-four (84) days after the deadline and ten (10) days after entry of default where the

defendant "at no time availed itself of the protections provided for in Rule 6(b) by seeking an extension of time [and] . . . offer[ed] no acknowledgement or explanation for the late submission." *Rivers v. America's Network, Inc.*, 2011 WL 13319167, at *1 (N.D. Ga. 2011), *quoting Yellow Book Sales and Distrib. Co. v. White*, 2011 WL 830520, at *2. For the same reasons and on the same grounds, this Court should deny or strike Defendant's Motion, filed forty (40) days after the relevant deadline without court approval and without any explanation for the delay.

Moreover, Defendant is in default and has failed to file a motion to set aside the default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). The Court may set aside entry of default for "good cause." FED. R. CIV. P. 55(c). In determining whether "good cause" exists, the Court generally looks to three factors: (1) whether the default was willful; (2) whether the defaulting party presents a meritorious defense; and (3) whether setting aside the entry of default would prejudice the non-defaulting party. *See Savoia-McHugh v. Glass*, 95 F.4th 1337, 1342 (11th Cir. 2024), *citing Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Notably, "the defendant bears the burden of establishing good cause to set aside an entry of default." *Insituform Techs.,*

5

*Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008) (citations omitted).

Here, Defendant failed to move to set aside the default prior to filing its Motion and did not even acknowledge or attempt to satisfy any of the relevant "good cause" factors. Because Defendant is in default and has not moved to set aside the default prior to filing its Motion, Defendant's Motion is improper and must be denied.

> **B.   Consideration of Defendant's Motion to Dismiss on the Merits is Premature.**

Because the Motion is untimely and not properly before the Court, Plaintiff has no obligation to respond on the merits. *See* FED. R. CIV. P. 12(a) & (b) (an answer or motion to dismiss asserting failure to state a claim must be filed within 21 days after service of the summons and complaint). Unless and until this Court sets aside the clerk's entry of default and authorizes an out-of-time filing, the merits of Defendant's Motion should not be addressed. FED. R. CIV. P. 12(a) & (b), 55(c). In light of the foregoing, Plaintiff reserves its right to respond to the merits of the Motion until such time as the Court determines whether Defendant may proceed with its untimely Motion.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff hereby respectfully requests this Court deny the Motion as untimely and improper.

Dated: February 4, 2026.

                Respectfully submitted,
                THE SLADKUS LAW GROUP

                *s/Carrie A. Hanlon*
                Carrie A. Hanlon
                Ga. Bar No. 289725
                E-mail: carrie@sladlaw.com
                Jason H. Cooper
                Ga. Bar No. 778884
                E-mail: jason@sladlaw.com
                1397 Carroll Drive
                Atlanta, Georgia 30318
                Telephone: (404) 252-0900
                Facsimile: (404) 252-0970

                ***Attorneys for Plaintiff***

## CERTIFICATE OF FONT & SIZE SELECTION

Pursuant to LR 7. 1(D), NDGa., I certify that this paper was prepared with one of the font and point selections approved by the Court in LR 5.1(B).

           By:  *s/ Carrie A. Hanlon*
                   Carrie A. Hanlon